[Civ. No. 820.   Fourth Appellate District.—May 9, 1933.]

SELMA S. NELSON, Respondent, v. NATIONAL GUARANTY LIFE COMPANY (a Corporation), Appellant.

Feemster, Perkins & McCormick for Appellant.

J. A. Chase for Respondent.

ANDREWS, J., *pro tem.*—The plaintiff sues to recover on a policy of life insurance issued to her deceased husband by defendant. The defense is that the policy lapsed by non-payment of an installment of the premium and also that there was fraud on the part of the insured in making false statements in the application for the policy.

On trial the plaintiff introduced evidence which she claims constituted a waiver by defendant of the strict performance of payment of the premium, and that the fraud was that of the agent of defendant, and not of the deceased.

The policy contained a provision for forfeiture and relating to waiver, in the following words: "The failure to pay any premium within fifteen days from date on which it is due shall without further action of the company lapse this

policy and the insured shall thereafter have no claim hereunder until and unless he shall have been reinstated by the company. At any time within one year after lapsing, such insured may be reinstated upon his furnishing proof acceptable to the company that he is of insurable age, in good health, and by payment of all past due premiums or payment of the rate at attained age. Sending of notice of premium or any other notice after forfeiture or lapse shall not be a waiver or evidence of waiver of any lapse or forfeiture.''

The premium in question was due July 1st, and on the twenty-third the insured mailed to defendant currency, which currency was received on the twenty-fourth and formal receipt issued without knowledge of the death of the insured, which had occurred by accident on the same day and after the premium was mailed.

The payments previous to this last payment had been made by the insured at irregular times, many of them after the fifteenth, the date upon which forfeiture would have resulted by the terms of the contract except for waiver. Seven payments were made after the fifteenth of the month in which they were due, one as late as the thirtieth, one on the twenty-seventh, and the one in the month previous to the final one in question was made on the twenty-fifth.

The defendant, through the testimony of its officers, admitted the practice of permitting payments to be made without proof of health, and subsequent to the fifteenth, for a limited time, in what it contends was a reinstatement under the policy, and during that time refrained from making any declaration of forfeiture.

Introduced in evidence are three communications, two of which were sent by defendant to the insured by mail, one of which was prepared and was to have been sent on the day the premium was received. The first was dated on the tenth and called attention to the fact that the premium due on the first had not been paid, and stating: ''Your last day of grace is the fifteenth of this month.'' The next was dated on the eighteenth and referred to the notice mailed on the · tenth, and suggested that most likely the payment had been neglected and asked payment to-day, closing with the request for prompt reply and an assurance of its desire to serve with justice those whose protection was entrusted to its care.

The third communication was dated the twenty-fourth and, while never mailed, had been prepared to be sent in the regular routine of defendant's business. This communication referred to the former letters and stated that it was hard always for it to be called upon to announce to a widow that the husband's insurance had been allowed to lapse, saying: "Do today what you should and mail your check for reinstatement." All these letters were form letters regularly sent to past-due policy-holders.

(1) Had defendant, by its course of dealing as shown from the facts stated, waived the forfeiture? The test should be, whether by such conduct, the insured had been led to believe that payment made within a reasonable time after the fifteenth would be received in discharge of the installment and the policy would continue in force, and had acted accordingly, and that until some notice was given, other and different and more specific than those referred to, the forfeiture would not be insisted upon.

The theory of defendant is, that as a matter of law, the lapse under the contract was brought about by default of payment and that subsequent receipt of the payment worked a reinstatement. The notices to some extent were worded to create that impression. While the policy provided that if a lapse occurred on the fifteenth the contract was ended and reinstatement could only be had as provided in the policy, as quoted above, yet in the many lapses no reinstatement had been made as required by the policy. Of course, all these provisions are for the benefit of the company and can be waived by it and the fair inference was that as proof of health had never been required, the payments were being accepted as continuation of the policy and not reinstatement. Such understanding by the insured operated as a waiver of all the provisions relating to forfeiture until specific notice should be given.

The contract, if those forfeiture provisions were waived, was in that class where nonpayment of an installment would not work a forfeiture, and where the law permits payments to be made until definite notice is given that failure so to do will work a forfeiture. The result of this course of reasoning would seem to be that this contract was in force at the time of death, whether the payment was in fact made or not.

This working out of the problem is the application to the facts here involved of the law of waiver in this class of cases, settled by the courts of last resort in this state, and it seems unnecessary here to attempt to review or amplify those cases.

■ (2) Was payment in fact made before death? Liability, or not, was fixed at the time of death. The parties, by their contract, notices, and course of dealing had, impliedly at least, made payment by mail the method to be used.

If, according to the contention of defendant, payments made after the fifteenth were to be considered as applications for reinstatement, then it would be essential that the payment be received and, with full knowledge of the facts, accepted and approved by defendant before the death of the insured. If, by reason of the waiver, the insured still had the right to make the payment, his mailing of it would be complete and irrevocable action on his part in making it. In that event, the defendant would have no option to refuse.

That provision of the regulations of defendant respecting registration of currency has to do with the possible loss of the payment by miscarriage, or otherwise, and is not here involved, inasmuch as the currency reached the defendant promptly. It should, therefore, be held that payment was in fact made before the death.

■ (3) The trial court, in its findings, determined that no misrepresentations in the application were made by the insured; that the agent of the defendant who prepared the application for signature remarked upon the obvious good health of the insured and explained that because the application was taken to transfer another policy, the health question had been gone into in the original application and little attention need be given to that matter in making the transfer; that the statements of the insured were of the most general character and the answers to the detailed questions contained in the applications were inserted by the agent of defendant; that the application was signed by the insured without knowledge of what had been written in by the agent; and, that if any fraud apparently resulted from the answers it must be held to be the fraud of the agent and not of the insured.

The trial court further found that there was in fact no history of illness or bad health in the life of the insured

which in any material degree affected his general health or physical condition.

These findings of the trial court are sustained by the evidence and dispose of the contention of the defendant on this phase of the case.

The judgment of the trial court is affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1933.